ANDERSON, Justice,
for the court:
This is an appeal from the Circuit Court of Sunflower County wherein Sarah Stil-well brought an action against Guy Patrick Williams for personal injuries received in a motor vehicle collision. The jury found the appellee Williams liable for the injuries and awarded a verdict for plaintiff/appellant in the amount of $175,000. The trial court, after a motion by appellee for a new trial, ordered a new trial on damages or a remit-titur of $50,000 reducing the award to $125,000. The appellant, Stilwell, filed this appeal from that order and the appellee has cross appealed, assigning as error the action of the trial court in granting jury instruction No. 11733 P-8.
This case involves an automobile accident which occurred at approximately 1:30 a.m. on August 21, 1982, on a flat, paved, two-lane highway. There is conflicting testimony as to the alleged negligence of each of the parties. The appellant’s vehicle was struck from the rear by a vehicle operated by the appellee. As a result of the accident, the appellant received injuries including bruises and abrasions, a fractured clavicle, three broken ribs, a collapsed lung and a ruptured spleen. She was hospitalized for a period of three weeks and required a three week recuperative stay in the home and cáre of her parents. She had some scars where the small tubes were inserted, intermittent pleurisy type pain, which can be treated with low-cost pain medication and she will require annual intramuscular vaccine shots, to help fight pneumonia, since her spleen has been removed. She has complained of a resulting inability to hunt, fish, and lift things as she had before the accident. The total medical expenses of the appellant were $11,379.26. Her total lost wages were $2,070.
*26 POINT I.
DID THE TRIAL COURT ABUSE ITS JUDICIAL DISCRETION IN GRANTING A NEW TRIAL ON THE ISSUE OF DAMAGES CONDITIONED UPON APPELLANT’S REFUSAL OF A REMITTITUR?
The appellant urges that the verdict of $175,000 was amply supported by the evidence of damages and the trial judge abused his discretion in ordering the remit-titur. This Court has stated often that the scope of review when an appellant declines to accept a remittitur and appeals from an order granting a new trial because of excessive damages is limited to the question of whether the trial court abused its discretion in granting a new trial. Schoppe v. Allied Chemicals Division, Mobley Co., Inc., 418 So.2d 833, (Miss.1982), Cortez v. Brown, 408 So.2d 464, (Miss.1981).
This Court, after examining the record before us, as well as previous cases before this Court, finds no abuse of judicial discretion by the trial judge. The facts show that the appellant, according to her doctor’s testimony, made an excellent recovery and there is minimal permanent injury. What lasting results there may be can be remedied or treated with inexpensive medication that is available. The appellant has also resumed her former employment, earning the same wages as before the accident.
We cannot say that the trial judge from his vantage point and superior position in hearing the proof abused his judicial discretion in ordering a new trial when the remit-titur was refused. Therefore, this case is hereby affirmed on this issue.
POINT II.
THE APPELLEE HAS CROSS APPEALED ASSIGNING AS ERROR THE ACTION OF THE TRIAL COURT IN GRANTING FOR THE APPELLANT JURY INSTRUCTION NO. P-8 DEALING WITH MOTOR VEHICLE HEADLIGHTS.
The pertinent part of that instruction reads: “If you find from a preponderance of the evidence in this case that the defendant, either failed to abide by the laws of the State of Mississippi in not having the proper equipment on the defendant’s motor vehicle....”
The cross appellant correctly urges that there is no testimony in evidence to indicate that the cross appellant failed to have properly working headlights. His argument accordingly, is that this instruction is based on testimony not in evidence. Standing alone, this could possibly be reversible error; however, the impact of this instruction was blunted or negated by the appellant, who offered it. The appellant in her testimony stated that she looked through her rear-view mirror and saw the appellee’s headlight approaching “some distance” behind her. Therefore, in light of this testimony and the other instructions, the effect of that instruction would be minimal and would therefore constitute only harmless error.
AFFIRMED AND REMANDED FOR NEW TRIAL ON ISSUE OF DAMAGES ONLY UNLESS PLAINTIFF/APPELLANT ENTERS REMITTITUR OF $50,-000.00
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.